Lópēz ET AL. *v.* Sánchēz ET AL.

Appeal from the District Court of San Juan, Section 1.

No. 818.—Decided June 18, 1912.

Surviving Spouse—Inheritance of Spouse.—As repeatedly held by this court, the provisions of section 821 of the Revised Civil Code of Porto Rico govern the inheritance rights of the surviving spouse both in testate and intestate succession.

Id.—Levy on Share of Surviving Spouse.—In accordance with the doctrine expressed in the preceding paragraph, there is no doubt that a levy made on the share of the surviving spouse in an intestate inheritance is perfectly valid the same as in case of testate inheritance.

The facts are stated in the opinion.

*Mr. Eugenio Benítez Castaño* for appellants.

*Messrs. Foster V. Brown, Attorney General,* and *José R. F. Savage* for respondents.

Mr. Justice MacLeary delivered the opinion of the court.

The essential facts in this case are few and simple. The appellant, Luisa López Laborde, was married to Doctor Vázquez Prada, who died on June 9, 1904. They had belonging

to them as ganancial property, at the time of his death, house No. 52, on Sol Street, in the city of San Juan. The deceased, Doctor Vázquez, left surviving him his widow, the appellant, and seven children born to him and his wife during said marriage.

A judgment having been rendered in the Federal Court against the appellant herein, Mrs. López Laborde, her interest in the house above mentioned was levied on by the marshal under an execution and sold, Luis Sánchez Morales becoming the purchaser. After the rendition of the judgment, and prior to the execution sale, the mother renounced or transferred to her children her interest in the said property which she, as widow, had received from the estate of her deceased husband. This transfer is alleged by the respondent to have been by a gratuitous title, and in making it that the appellant had not reserved any property sufficient to pay off the said judgment, and that the transfer was made with the purpose and intent of defrauding the judgment creditor. The half interest in the property which the widow held as her ganancial portion is not involved in this litigation, as it is not denied that it passed by the execution sale; but the one-third of the other half, or one-sixth of the whole, which the widow, as it is claimed, received from the estate of her deceased husband as her share thereof, is the property involved.

We must not lose sight of the fact that Doctor Vázquez died intestate and that his seven children were declared to be his only universal heirs, subject to the rights of their mother in his estate. At the time of his death section 821 of the Revised Civil Code of Porto Rico was in force, though it has since been modified and changed by the Law of March 9, 1905, which expressly repealed the same as it stood in the Civil Code and reenacted the provisions of the ancient Spanish Civil Code relating to the same subject.

No point is made by the appellant in regard to the transfer by the widow to her children, and it is tacitly admitted that the same was void under the statute as having been made

without consideration by a judgment debtor who had not reserved sufficient property to pay off or satisfy the judgment. The only question presented, then, in this appeal, is the proper consideration of section 821 of the Revised Civil Code of Porto Rico, which was in full effect, force and vigor at the time of the death of the said Doctor Vázquez. That section reads as follows:

"Section 821. The surviving husband or wife shall have the right if the decedent shall leave a legitimate child or an acknowledged illegitimate child or issue of these to one-half of the real and personal property of which the inheritance consists.

"If the deceased spouse shall have left more than one child living or represented by his issue, if any of them had died, the surviving spouse shall have the right only to the third part of the real and personal property of which the inheritance consists.

"When there is no issue, but if there are ancestors, the surviving spouse shall have the right to the half of the real and personal property of the inheritance.

"When there is neither surviving issue nor ancestors the surviving spouse shall have the right to two-thirds of the real and personal property of the inheritance."

The defendant, Hubbard, who was the United States marshal under whose authority the auction sale was made, disclaimed any interest in this property and virtually drops out of the litigation and is not properly a party to this appeal.

The issue between the parties, appellants and respondent, is tersely this: The appellants maintain that the widow had no interest or right whatever to the one-half interest in the house and lot which belonged to the husband at the time of his death as conjugal property, and, therefore, that the children he left surviving him inherit said half in full. The respondent maintains that the husband having died intestate in the year 1904, when section 821 of the Revised Civil Code was in full force, the widow was entitled to one-third in said half interest and the children were only entitled to the remaining two-thirds thereof. Then, upon a proper consideration of section

821, this whole case turns. The appellants rely, in support of their proposition, upon two decisions of this court, one in the case of Smith *ex parte,* decided on June 26, 1908, and reported in 14 P. R. R., page 664, and the other in *Julbe* v. *Guzmán,* decided on June 15, 1910, and reported in 16 P. R. R., page 502. In the latter case two of the justices of this court dissented and filed a dissenting opinion which follows the prevailing opinion in the volume referred to. From the dissenting opinion it will be seen that the only difference existing between the members of the court was as to the interpretation of the law of 1905 repealing section 821 of the original Revised Civil Code of Porto Rico. In the case of Smith *ex parte* there was no dissent, and in that case the interpretation put upon the said section of the Civil Code was unanimous. It was there held that said section, so often cited, applied both to testate and intestate successions, and this view of the case is made clear by the opinion of the court in the case of *Julbe* v. *Guzmán,* 16 P. R. R. The court there expresses itself as follows:

"In 1902 the Legislature of Porto Rico passed the Civil Code and the Spanish Civil Code was thereby repealed. The provisions of the new Civil Code with respect to the rights of the widower were new and all of such rights clearly and precisely defined. Section 821, although placed in the part of the code relating to testate succession, fixes the rights of the widower with respect to the intestate succession. This is made clear by a comparison of section 821 with sections 822 and 920. The Legislature of Porto Rico, however, by the Law of March 9, 1905, expressly repealed section 821 and reenacted the provisions of the Spanish Civil Code which relate to testate succession."

Then it is clear that this court has always been unanimous on the proposition that section 821 of the Civil Code, as originally adopted in 1902, and remaining in force in 1904 at the time of the death of Doctor Vázquez, related both to testate and intestate successions, and, therefore, that the widow, who is the appellant in this case, had, under the said statute, the right to the one-third part of the real and personal property of which the inheritance consisted. This interest in the prop

erty having passed to her, it became subject to the levy .and sale that was made of the same by the United States marshal under the execution issued from the United States Court, and the respondent, Luis Sánchez Morales, took a good title thereto.

For the reasons stated, the judgment of the District Court of San Juan, entered November 9, 1911, from which this appeal was taken, should be in all things affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.